# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| POPSOCKETS LLC | ) |
| | ) |
| Plaintiff, | ) Case No. 1:17-cv-03653 (RJD)(LB) |
| | ) |
| v. | ) |
| | ) |
| QUEST USA CORP., et al. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INITIAL INFRINGEMENT CONTENTIONS

Plaintiff PopSockets LLC ("PopSockets") provides these initial infringement contentions in accordance with Local Patent Rule 6 and the Rule 26(f) Joint Meeting Report.

These initial infringement contentions are preliminary and exemplary only. They are not intended to limit PopSockets' infringement, claim-construction, or validity contentions, or narrow the scope of discovery. PopSockets may amend these contentions based on further analysis, discovery, or claim-construction proceedings.

## I. INITIAL IDENTIFICATION OF ASSERTED PATENT CLAIMS

PopSockets asserts claims 9-11 and 16-17 of U.S. Patent No. 8,560,031 ("the '031 Patent") are directly infringed by all versions of Defendants' SpinPop, SpinClip, and other similar products ("the Accused Products"). In addition, Defendants, with knowledge of the '031 Patent, actively and intentionally, through marketing, advertising, and promotion of the Accused Products, induce customers and others to infringe claims 16 and 17. On information and belief, Srour actively assisted with Quest USA's infringement of the '031 Patent and is liable for inducing infringement. On information and belief, as the President and substantial owner of Quest USA, Srour is directly responsible for the day-to-day operations of Quest USA and had knowledge of PopSockets' products and patented technologies and the '031 Patent at least as of

1

the date of service of the original Complaint, and likely before, at least via PopSockets' patent markings. Despite such knowledge and awareness, on information and belief, Srour intentionally directed Quest USA to perform the actions giving rise to Quest USA's infringement of the '031 Patent.

## II. INITIAL CLAIM CHARTS RELATING EACH ACCUSED PRODUCT TO THE ASSERTED CLAIMS

| '031 Patent Claims | Accused Products |
|---|---|
| 9. A socket for attaching to a portable media player or to a portable media player case, comprising: | The accused portable media player socket, SpinPop, SpinClip, and other similar products, include a socket for attaching to a portable media player or to a portable media player case as shown in the images below.[1] |
| [a] a securing element for attaching the socket to the back of the portable media player or portable media player case; and | |
| [b] an accordion forming a tapered shape connected to the securing element, the accordion capable of extending outward generally along its axis from the portable | |

---

[1] Upon information and belief, there are multiple versions of the Accused Products, and may be additional versions of the Accused Products made, imported, used, sold, or offered for sale. As PopSockets learns of additional versions of the Accused Products, to the extent any aspects are material to the scope of the asserted claims, PopSockets reserves the right to supplement these contentions.

2

| | |
|---|---|
| media player and retracting back toward the portable media player by collapsing generally along its axis; and | <br><br>Element [a] of the Accused Product includes a securing element for attaching the socket to the back of the portable media player or portable media player case.<br><br><br><br>[a]<br><br>Element [b] of the Accused Product includes an accordion forming a tapered shape connected to the securing element.<br><br>Element [c] of the Accused Product includes a foot disposed at the distal end of the accordion. |
| [c] a foot disposed at the distal end of the accordion. | |

3

| | |
|---|---|
| | <br><br>[c]<br>[b]<br>[a]<br><br>The Accused Product extends outward generally along its axis from the portable media player, as shown above, and also retracts back toward the portable media player by collapsing generally along its axis, as shown below.<br><br> |
| **Claim 10** | |
| The socket of claim 9 wherein the accordion comprises rigid walls interspersed with flexural hinges. | The Accused Product includes an accordion with rigid walls interspersed with flexural hinges, shown below.<br><br> |

4

| Claim 11 | |
|---|---|
| 11. The socket of claim 10 wherein the tapered shape comprises a cone shape constructed and arranged such that the walls fold generally parallel to the axis of the accordion when the accordion is collapsed. | The tapered shape of the Accused Product includes a cone shape constructed and is arranged such that the walls fold generally parallel to the axis of the accordion when the accordion is collapsed. This is shown, for example, for claim 9, above.<br><br><br><br> |
| **Claim 16** | |
| 16. A method comprising the steps of:<br><br>[a] attaching a socket including an accordion forming a tapered shape and having walls interspaced with flexural hinges to a portable media player;<br><br>[b] selectively extending the socket by unfolding the accordion generally along its axis; and<br><br>c] selectively retracting the socket by folding the accordion generally along its axis such that the walls fold next to each other. | Defendants actively induce others to perform all elements of method claim 16 by advertising, instructing, and promoting, for example through its product packaging and social media, use of the Accused Product.<br><br>Defendants induce performance of the step recited in claim 16[a] by attaching a socket including an accordion forming a tapered shape and having walls interspaced with flexural hinges to a portable media player. |

5

| | |
|---|---|
| |  Defendants' induce performance of the step recited in claim 16[b] by instructing customers how to extend the socket by unfolding the accordion generally along its axis. |



[b]

Defendants' induce performance of the step recited in claim 16[c] by instructing customers how to retract the socket by folding the accordion generally along its axis such that the walls fold next to each other, as shown in the image below taken from Defendants' Instagram account.

[c]

| | |
|---|---|
| | As exemplified below, Defendants' packaging of the Accused Product demonstrates that Defendants instruct and encourage users to infringe claim 16.<br><br> |
| **Claim 17** | |
| The method of claim 16 wherein the retracting step folds the walls into an orientation such that the walls are generally parallel to the axis of the accordion. | The contentions associated with claim 16 above are incorporated by reference. In addition, the retracting step folds the walls into an orientation such that the walls are generally parallel to the axis of the accordion.<br><br> |

8

Date:  December 8, 2017               Respectfully submitted,

                                      By:   /s/ *Marc J. Rachman*
                                      Marc J. Rachman
                                      DAVIS & GILBERT LLP
                                      1740 Broadway
                                      New York, New York 10019
                                      T:  212.468.4890
                                      F:  212.468.4888
*OF COUNSEL*                          E:  mrachman@dglaw.com

Benjamin T. Horton (*Admitted Pro Hac Vice*)
Tron Y. Fu (*Admitted Pro Hac Vice*)
Michelle Bolos (*Admitted Pro Hac Vice*)
MARSHALL GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL  60606
T:  312.474.6300
F:  312.474.0448
E:  bhorton@marshallip.com
E:  tfu@marshallip.com
E:  mbolos@marshallip.com

*Attorneys for Plaintiff PopSockets LLC*

9

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 8, 2017, a copy of the foregoing was served by email on counsel for the Defendants.

                                      /s/ *Tron Y. Fu*
                                      Tron Y. Fu