UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
POPSOCKETS LLC,

                Plaintiff,

         -against-                      **MEMORANDUM AND ORDER**
                                            17 CV 3653 (FB) (CLP)

QUEST USA CORP. and ISAAC SROUR,

                Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On June 16, 2017, plaintiff PopSockets LLC ("PopSockets") filed a Complaint against defendants Quest USA Corp. ("Quest") and Isaac Srour, alleging patent and copyright infringement, violations of the Lanham Act, and various state law unfair competition claims. Plaintiff filed its Amended Complaint on September 1, 2017.

Currently before the Court is the defendants' motion to strike plaintiff's Supplemental Infringement Contentions.[1] For the reasons set forth below, the motion is denied.[2]

---

[1] Although defendants' motion refers to "Amended Infringement Contentions," the document at issue, which is attached as Exhibit B to the Auvil Declaration, is actually titled "Plaintiff's Supplemental Infringement Contentions." (Compare Defs.' Mot. to Strike at 1 (referring to plaintiff's "Amended Infringement Contentions"), with Auvil Decl. ¶ 3 (referring to "Plaintiff's Supplemental Infringement Contentions") and Ex. B. to id. at 1 (same)). Substance, rather than label, controls, so the Court refers to "Supplemental Infringement Contentions" for the sake of consistency.

[2] The parties have filed various other motions that remain pending before the Court. The Court issues this separate opinion with respect to the motion to strike because, as explained below, the issue it raises is time sensitive and the Court's disposition of the motion may require the defendants to make an additional filing before the Patent Trial and Appeal Board. The Court will issue its decision with respect to the other outstanding motions in due course.

BACKGROUND

By letter motion dated February 28, 2018, defendants ask the Court to strike[3] plaintiff's Supplemental Infringement Contentions served on January 31, 2018. (See Defs.' Mot. to Strike at 1-3, Feb. 28, 2018, ECF No. 58). The motion was referred to the undersigned for decision by the Honorable Frederic Block on May 4, 2018. (See Electronic Minute Entry, May 4, 2018).

DISCUSSION

On December 8, 2017, PopSockets served its initial Infringement Contentions, asserting that defendants had infringed Claims 9-11, 16 and 17 of the '031 Patent. (Pl.'s Infringement Contentions, Dec. 8, 2017, ECF No. 58-2 (Ex. A. to Auvil Decl.[4])). According to defendants' letter motion, they filed a petition with the Patent Trial and Appeal Board ("PTAB") seeking *inter partes* review to invalidate all of plaintiff's originally asserted patent claims ("IPR petition"). (Defs.' Mot. to Strike at 1). On January 31, 2018, PopSockets filed its Supplemental Infringement Contentions in which it asserted new patent claims. (Id.; see Pl.'s Suppl. Infringement Contentions, Jan. 31, 2018, ECF No. 58-3 (Ex. B. to Auvil Decl.)).

Defendants contend that the plaintiff's Supplemental Infringement Contentions were filed late, after the December 8, 2017 deadline established by the Scheduling Order issued on October

---

[3] The Federal Rules of Civil Procedure only explicitly mention a motion to strike with respect to pleadings as defined in Rule 7. See, e.g., Fed. R. Civ. P. 12(f); 37(b)(2)(A)(iii); see also Fed. R. Civ. P. 7(a) (providing that the only pleadings allowed are complaints, answers, and, if ordered by the court, replies to answers). Nonetheless, a motion to strike a party's disclosure in discovery is permissible, for it is essentially a motion seeking an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Such an order is one of the sanctions available under Rule 37 for a party's failure to supplement discovery disclosures and responses. See Fed. R. Civ. P. 37(c)(1)(C) (incorporating the sanctions available under Rule 37(b)(2)(A)(i)-(vi)).

[4] Citations to "Auvil Decl." refer to the Declaration of Steven M. Auvil, dated February 28, 2018, ECF No. 58-1 (attached as unnumbered exhibit to Defs.' Mot. to Strike).

27, 2017.  (Id. at 2; see also Endorsed Scheduling Order, Oct. 27, 2017, ECF No. 37). Defendants argue that plaintiff's Supplemental Infringement Contentions should be struck because plaintiff was not diligent in seeking to add the new contentions, plaintiff failed to seek leave of the Court before amending, and defendants will be unfairly prejudiced by the amendments because they filed their IPR petition in reliance on the plaintiff's original contentions as setting forth all of the contentions at issue in this case.  (Id. at 2-3).

In response, PopSockets argues that its "Supplemental Infringement Contentions"—not "Amended Infringement Contentions"—were properly served in accordance with the plaintiff's duty to supplement contentions under Local Patent Rule 9 and Rule 26(e) of the Federal Rules of Civil Procedure.  (Pl.'s Opp'n at 1, Mar. 5, 2018, ECF No. 59).  PopSockets contends that it served its supplemental contentions eight weeks after the original contentions were served in order to assert that defendant Quest "induced" the infringement of PopSockets' patent by directing customers to attach the socket to a case; the original contentions were directed only to a socket or attaching a socket, but did not require use of a socket in combination with the case. (Id.)  Thus, PopSockets supplemented its infringement contentions with respect to claims 1-3 and 6 of the '031 patent to assert that defendants directly infringed and, even if defendants did not infringe directly, also induced their customers to infringe.  (See id. at 1-2).

PopSockets asserts that it supplemented its contentions promptly after it inspected the inner packaging of Quest SpinPop products.  (Id.)  While the outer packaging shows defendant Quest's SpinPop product attached directly to a phone, the inner packaging states that the product "sticks best to cases."  (Id. at 2).  These instructions led PopSockets to determine that Quest had induced its customers to use SpinPop products in a way that infringes claims 1-3 and 6.  (Id.) Moreover, PopSockets explains that it was not until January 2018 that it learned through third

3

party discovery that Quest did not receive an opinion of counsel concerning the '031 patent until after it began selling the SpinPop product, which demonstrates that defendants cannot rely on an advice of counsel defense to argue that Quest lacked the requisite intent necessary for inducement of infringement. (Id.) Thus, PopSockets contends that it acted in a timely fashion and in accordance with the applicable Patent and Federal Rules in supplementing its contentions when it did. (See id. at 2-3).

Moreover, contrary to defendants' claim that they will be prejudiced because they filed their IPR petition in reliance on PopSockets' original contentions, PopSockets argues that under 35 U.S.C. § 315(b), Quest may file an IPR petition challenging the '031 patent until June 21, 2018, one year after the Complaint was served. (Id.) See 35 U.S.C. § 315(b) (providing that *inter partes* review "may not be instituted if the petition requesting the proceeding is filed more than 1 year after date on which the petitioner . . . is served with a complaint alleging infringement of the patent"). According to PopSockets, "[f]iling multiple patent petitions to challenge different claims of a patent is common practice" (Pl.'s Opp'n at 2); it is only when a petitioner files a second petition challenging the same claims that the PTAB may exercise its discretion to deny institution of an IPR proceeding. (Id. (collecting cases)).

Rule 9 of the Local Patent Rules provides that the "duty to supplement in Fed. R. Civ. P. 26(e) shall apply to the Infringement Contentions and the Invalidity Contentions required by Local Patent Rules 6 and 7." E.D.N.Y. L. Patent R. 9. In turn, Rule 26(e) of the Federal Rules of Civil Procedure provides that a party is required to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A). While defendants are correct that the original scheduling order agreed to by the parties contemplated a deadline of December 8, 2017, it is

clear that PopSockets complied with that deadline by serving its original contentions on that date. PopSockets was required to supplement its contentions in "a timely manner," and although it might have been preferable for PopSockets to notify the Court and counsel that it intended to serve supplemental contentions, the Scheduling Order does not contemplate, nor does it set a deadline for the service of, the supplemental contentions required under Local Patent Rule 9 and Federal Rule of Civil Procedure 26(e). (See generally Endorsed Scheduling Order, Oct. 27, 2017, ECF No. 37).

Moreover, in this case, the supplemental contentions were served approximately 45 days after the original contentions were served; this is not a case in which there has been inordinate delay in notifying defendants of the contentions or where discovery is complete and trial is imminent. Cf. Sun Microsystems, Inc. v. Network Appliance, Inc., No. 07 CV 05488, 2009 WL 508448, at *1-2 (N.D. Cal. Feb. 27, 2009) (denying amendment two months before close of discovery under the local rules); Williamson ex rel. For At Home Bondholders' Liquidating Trust v. Verizon Commc'ns, Inc., No. 13 CV 0645, 2013 WL 12313349, at *2-4 (S.D.N.Y. Aug. 12, 2013) (denying motion to amend infringement contentions filed five months after deadline where plaintiff failed to show that he exercised diligence in asserting the amended contentions); Computer Acceleration Corp. v. Microsoft Corp., 503 F. Supp. 2d 819, 822, 825 (E.D. Tex. 2007) (striking infringement contentions three months before trial because the contentions had not been corrected for deficiencies).

Although PopSockets may not have requested permission to serve these supplemental contentions, it is not clear that permission was required in light of the mandatory nature of Local Patent Rule 9 and Federal Rule of Civil Procedure 26(e).[5] Moreover, the explanation of when

---

[5] Indeed, especially where the scheduling order does not establish a deadline for

and how PopSockets received the information necessary to assert the contentions establishes good cause to supplement the original claims. Since defendants have until June 21, 2018 to supplement their own IPR petition, the Court finds that allowing the supplemental contentions to stand will result in no lasting prejudice to the defendants. The motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to strike PopSockets' supplemental infringement contentions.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 7, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

supplemental contentions, it makes sense for a party to serve supplemental contentions sooner, rather than later, to put opposing parties on notice as soon as possible. Courts may then determine whether to permit such supplementation through a motion to strike made after the supplemental contentions are served, as in the instant case. Cf. Bravo Co. USA, Inc. v. Badger Ordnance, LLC, No. CV , 2016 WL 6518436, at *2 (D. Nev. Nov. 2, 2016) (observing that "[b]ecause the Local Patent Rules do not require a party obtain leave of court to file amended [infringement contentions] prior to the close of discovery, the proper procedure to challenge such amended contentions is through a motion to strike"); see also Fed. R. Civ. P. 37(c)(1) (providing that a party which fails to supplement as required "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").