UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
POPSOCKETS LLC,

                Plaintiff,

  -against-                          **MEMORANDUM AND ORDER**
                                        Case No. 17-CV-3653 (FB) (CLP)
QUEST USA CORP. and ISAAC
SROUR,

                Defendants.
---------------------------------------------------x

Appearances
*For the Plaintiff:*
Benjamin T. Horton
Marshall Gerstein & Borun LLP
233 S. Wacker Drive, 6300 Willis Tower
Chicago, IL 60606

*For the Defendants:*
Steven M. Auvil
Squire Patton Boggs LLP
4600 Key Tower
127 Public Square
Cleveland, OH 44114

**BLOCK, Senior District Judge:**

       Plaintiff PopSockets LLC ("PopSockets") objects to Magistrate Judge Pollak's Report and Recommendation ("R&R") to stay proceedings pending *inter partes* review ("IPR") by the Patent Trial and Appeal Board ("PTAB") of several patent claims asserted in this action. The Magistrate Judge also recommended holding in abeyance defendants' Quest USA Corporation's and Isaac Srour's (collectively, "Quest's") motion for leave to amend counterclaims until the stay is lifted. Because the Magistrate Judge did not commit clear error, *see* Fed. R. Civ. P. 72(a), the Court overrules the objection and adopts the R&R.

1

IPR is an administrative process by which a party may seek to invalidate claims in a previously issued patent. As the R&R explains, "PTAB may institute *inter partes* review of one or more claims in a patent if it determines that there is a 'reasonable likelihood' that the petitioner will prevail with respect to one of the challenged claims." Dkt. No. 83 at 3 (citing 35 U.S.C. § 314(a)). Pursuant to the Court's general power to control its own docket, it may choose to stay proceedings pending IPR. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 949 (Fed. Cir. 2008). The factors to consider in making this decision are (1) "whether a stay will simplify the issues in question and trial of the case"; (2) "the stage of the proceedings"; and (3) "whether a stay will prejudice the nonmoving party." *TouchTunes Music Corp. v. Rowe Intern. Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009). The Magistrate Judge held that all three factors weighed in favor of issuing the stay.

This case involves a combination of patent claims, copyright infringement claims, claims of violations of the Lanham Act, and various state law unfair competition and tort claims. The Magistrate Judge held that the stay will simplify the issues because IPR may result in a reduction (or, potentially, elimination) of the patent claims, which may additionally encourage settlement discussions. Further, regardless of the outcome of the review, the process will reduce the need for discovery as to prior art in this litigation, and will provide a record that may assist

2

the Court.  In addition, there is a preclusive effect as to any arguments that were made or reasonably could have been made during IPR.  *See* 35 U.S.C. § 315(e).  Thus, PopSocket's argument that a stay may not simplify the issues because IPR may not ultimately invalidate the patent claims is unpersuasive.  Even if some patent issues remain, the litigation will nonetheless be simplified.

PopSockets also disputes that the case is in "the early stages of discovery," pointing to the various exchanges that have already taken place, as well as disputes that the Court has had to resolve.  Many of those exchanges, however, concerned the non-patent claims as well as the patent claims.  This is reflected in the motion to compel production, which PopSocket cites to emphasize the progressed stage of discovery.  *See* Dkt. No. 65 at 1 (suggesting that Quest is resisting discovery "to buy times while it pursues" the instant stay motion, even though the patent claims are "just 2 of the 10 counts Quest faces").  How much discovery took place with respect to the patent claims in particular is part of the inquiry.  *Cf. Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*, No. C-94-20775, 1995 WL 20470, at *2 (N.D. Cal. 1995) ("Absent a stay, the parties may end up conducting a significantly wider scope of discovery than necessary.").  Here, even the discovery that has taken place has not focused primarily on the patent claims.

Additionally, unlike the motion in *Separation Design Group IP Holdings, LLC v. Inogen, Inc.*, No. 15-cv-08323 (C.D. Cal. July 11, 2017), which PopSockets

cites, here the motion to stay was not filed at the eleventh hour on the eve of trial. The Rule 26(f) joint meeting report was filed less than a year ago and, as the Magistrate Judge remarked at the initial conference, "[t]his is a case that has quite a bit to it." Dkt. No. 39 at 3:1. In short, the litigation has not progressed far enough to weigh against issuing a stay.

Finally, PopSockets argues that it will be severely prejudiced by the stay and faults the Magistrate Judge for not crediting the fact that it and Quest are direct competitors. It cites an unpublished case from the Southern District of New York (which in turn quotes an out-of-circuit district court decision) for the proposition that prejudice can be simply presumed when the parties are direct competitors. *See CDX Diagnostics, Inc. v. U.S. Endoscopy Grp. Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014) (quoting *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011)). The Court does not believe that the law extends that far. At minimum, there must be some evidence of prejudice. *Cf. eBay Inc. v. MercExchange, L.L.C.*, 547 US 388 (2006) (holding that the familiar four-factor test must be used in evaluating motions for permanent injunctions in Patent Act cases, and that automatic injunctions based on loss of commercial activity alone is insufficient). Here, PopSockets alleges "loss of goodwill, brand erosion, and market confusion" but puts forth no evidence of the magnitude of these effects. Nor does it respond to Quest's argument that the fact

4

that PopSockets failed to move for a preliminary injunction undermines its claim of prejudice. The Magistrate Judge did not clearly err in finding that PopSockets would not be unduly prejudiced by the stay.

Finally, PopSockets urges the Court to at most limit any stay to the patent claims and allow the non-patent claims to move forward. The Court declines to do so. Though the patent and non-patent claims are legally unrelated, the underlying factual disputes are intertwined. Furthermore, judicial economy will be served by avoiding the bifurcation of this litigation, particularly in the event that some patent claims remain after IPR is completed. PopSocket's objection is overruled and the R&R is adopted in full.

**SO ORDERED**.

                                                                                                           /S/ Frederic Block
                                                                                                          FREDERIC BLOCK
                                                                                                          Senior United States District Judge

Brooklyn, New York
September 28, 2018